1   **WO**

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Knight Brokerage, LLC, | No.  CV-11-08190-PCT-GMS |
| Plaintiff, | |
| vs. | **ORDER** |
| H.D. Buttercup Rugs, LLC, doing business as Exquisite Rugs; Krieger American Transportation Company, LLC; Express Trans Inc.; Double J Truck Repair Inc., and Allianz Global Risks US Insurance Company, doing business as Allianz Global Corporate and Specialty North America, | |
| Defendants. | |
| Krieger American Transportation Company, LLC, | |
| Cross-Claimant, | |
| vs. | |
| Knight Brokerage, LLC; H.D. Buttercup Rugs, LLC, doing business as Exquisite Rugs; Express Trans Inc.; Double J Truck Repair, Inc., and Allianz Global Risks US Insurance Company, doing business as Allianz Global Corporate and Specialty North America, | |
| Cross-Defendants. | |

Krieger American Transportation Company, LLC,

Third-Party Plaintiff,

vs.

Knight Transportation, Inc. and Knight Port Services, LLC,

Third-Party Defendants.

Pending before the Court is Plaintiff Knight Brokerage, LLC's Motion to Amend Complaint to Join Additional Plaintiffs.  (Doc. 78.)  For the reasons stated below, Plaintiff's Motion is granted.

Plaintiff Knight Brokerage wishes to amend its Complaint to add as additional plaintiffs its related entities Knight Port Services LLP ("KPS") and Knight Transportation, Inc. (*Id.* at 2.) One of the defendants in this action, Krieger American Transportation Company ("KATCO"), has brought counterclaims against KPS and Knight Transportation. (Doc. 39 at 8–12.) Thus, KPS and Knight Transportation are already third-party defendants to this action.

Knight Brokerage wishes to join these additional plaintiffs under Rule 20 because (1) their claims arise out of the same transaction, occurrence, or series of transactions or occurences, and (2) there is at least one common question of law or fact linking all of them. Knight Brokerage has demonstrated in its motion that the two potential plaintiffs' claims for declaratory relief arise out of the same occurrence, the September 17, 2011 accident, that gave rise to Knight Brokerage's claims. Knight Brokerage has further demonstrated that all three Knight entities are "seeking declaratory relief to determine which Knight entities were involved." Thus, since both elements of Rule 20 are satisfied, permissive joinder of plaintiffs is to be liberally granted. *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

1    Defendant Allianz Global Corporate and Specialty ("ACGS"), however, opposes
2    the Motion to Amend. (Doc. 80.) ACGS contends that leave to amend should be denied
3    based on the five factors set out by the Ninth Circuit for determining when to grant such
4    leave. (*Id.* at 3.) The factors are bad faith, undue delay, prejudice to the opposing party,
5    futility of amendment, and whether plaintiff has previously amended its complaint.
6    *Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

7    ACGS contends that the fact that Knight Brokerage previously amended its
8    complaint twice without adding the two currently proposed plaintiffs is evidence of its
9    bad faith. However, Knight Brokerage explains in its reply that it was not aware that the
10   other Knight entities were to be implicated in the current proceeding until (1) KATCO
11   counterclaimed against KPS and Knight Transportation and (2) ACGS filed a complaint
12   against KPS. (Doc. 81 at 5.) Thus, this factor does not favor denying leave to amend.

13   ACGS also contends that granting Knight Brokerage leave to amend will create
14   undue delay and prejudice ACGS. Adding two plaintiffs who are already parties to the
15   current action, one of whom is named in ACGS's related matter, does not create so
16   much undue delay that the liberal standard in favor of granting permissive joinder is
17   overcome. Furthermore, Knight Brokerage moved for leave to amend within the
18   deadline for amendment in the Case Management Order. (*See* Doc. 72.) Its motion is
19   therefore presumptively timely and will not cause undue delay. Nor does it seem that
20   ACGS will be prejudiced by the adding of two parties, one of whom, as stated above,
21   has already been sued by ACGS. These factors do not favor denying leave to amend.

22   ACGS does not argue that Knight Brokerage's proposed amendment in this case
23   will be futile. This factor, therefore, does not favor denying leave to amend. Conversely,
24   no one disputes that Knight Brokerage has previously amended its Complaint twice.
25   This is the sole factor favoring denial. As such, the five factors do not counsel against
26   granting leave to amend.

1    ACGS also makes an argument that this case should be transferred to the Central

2    District of California in its Response. (Doc. 80 at 7.) ACGS's Motion to Transfer has

3    already been denied, and it does not make new arguments in this Response. (*See* Doc.

4    85.) Furthermore, the factors for transferring venue are not relevant to the determination

5    of whether to grant leave to amend. The Court thus will not consider ACGS's argument

6    for transfer in deciding this Motion to Amend.

7    **IT IS ORDERED** that the Motion to Amend of Plaintiff Knight Brokerage, LLC

8    is **GRANTED** (Doc. 78.).  Plaintiff is directed to file and serve the amended complaint

9    within seven (7) days from the date of this Order.

10    Dated this 25th day of October, 2012.

G. Murray Snow
United States District Judge

-4-